# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

(1) MIGUEL ZAVALA GARCIA,
(2) THOMAS EUGENE CORLEY,
(3) TAMMY LYNETTE CORLEY,
(4) JOSHUA TYLER ANDERSON,
(5) MICHAEL EUGENE CORLEY, and
(6) LINDA LUE MARTIN,

       Defendants.

Case No. CR-10-086-RAW

## ORDER & OPINION

Before the court is Defendant Linda Lue Martin's motion for release pending trial [Docket No. 74]. The court held a hearing on the motion on January 26, 2011. At the hearing, the court heard arguments from defense counsel and the Government and testimony from three witnesses, Crystal Bowie, Tammy Ellison, and Kym Shamblin. The court has also considered Defendant's Exhibits 1 - 7 entered at the hearing. Additionally, the court has reviewed *de novo* the evidence offered at the detention hearing held on December 16, 2010.

If the court finds that "no condition or combination of conditions will reasonably assure the appearance of [Defendant Martin] as required and the safety of any other person and the community," the court must order her detention pending trial. 18 U.S.C. § 3142(e). Title 18, section 3142(e)(3) provides in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probably cause to believe that the person committed– (A) an offense for which a

maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . .

As the Tenth Circuit has pointed out, "the Senate Committee on the Judiciary explained at length the concept of pretrial detention as provided under § 3142(e). The concern about safety is to be given a broader construction than the mere danger of physical violence." United States v. Cook, 880 F.2d 1158, 1161 (10th Cir. 1989). "[T]he risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'" Id.

Since the § 3142(e)(3)(A) presumption has been invoked, the Defendant carries a burden of production. United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991). The burden of persuasion regarding flight risk and danger to the community, however, remains with the Government. Id. at 1354-55. The Defendant's burden is not heavy, she must only produce some evidence. Id. at 1355. Even if the Defendant has met her burden, however, "the presumption remains a factor for consideration by the district court in determining whether to release or detain." Id.

The bulk of the evidence presented by Defendant goes to her physical condition. Defendant argues that she is not in good enough health to be considered a flight risk or a danger to the community. The Government concedes that Defendant is not likely to be a flight risk, but argues that she is a danger to the community. She was in the same or possibly even worse health condition when she allegedly committed the acts that brought about the Indictment in this case. It is likely that if released, Defendant could continue engaging in such activity. Moreover, there is testimony that she made verbal threats against two witnesses.

Having considered all of the arguments and evidence noted above and the factors set forth in § 3142(g), the court finds that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Accordingly, the motion for release pending trial [Docket No. 74] is DENIED.

It is so ORDERED this 27th day of January, 2011.


_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma